(SPACE BELOW FOR FILING STAMP ONLY)

MARK A. CAMPBELL (SB# 93595)
TIFFANY P. SCARBOROUGH (SB# 180981)
MURPHY, CAMPBELL, GUTHRIE & ALLISTON
3640 American River Drive, Suite 150
Sacramento, CA  95864

Telephone: (916) 484-3501
Fax: (916) 484-3511

Attorneys for Defendant and Counterclaimant
Intuit Beauty, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUIT, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>INTUIT BEAUTY, INC., a Nevada Corporation,<br><br>　　　　　　　Defendant. | Case No. C07 03613 CRB<br><br>**INTUIT BEAUTY INC.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS AND COUNTERCLAIMS** |
| INTUIT BEAUTY, INC. a Nevada Corporation,<br><br>　　　　　　　Counterclaimant,<br><br>vs.<br><br>INTUIT, INC., a Delaware Corporation,<br><br>　　　　　　　Counterdefendant. | **DEMAND FOR JURY TRIAL** |

　　　Defendant Intuit Beauty, Inc. (hereafter "Intuit Beauty") hereby Answers Plaintiff's Complaint, and admits and denies as follows:

　　　1.　　Intuit Beauty admits that its name includes the word "intuit." All other allegations are denied.

　　　2.　　On information and belief, admit.

3. Admit in part and deny in part. Intuit Beauty has recently moved its principal place of business to 1116 Pacific Coast Highway, Huntington Beach, California 92648.

4. Admit.

5. Admit in part and deny in part. Defendant denies that its name, branded products and services are infringing as alleged.

6. Admit.

7. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

8. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

9. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

10. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

11. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

12. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies in part. Intuit Beauty does not know specifically the number of trademark registrations and "common law rights" Plaintiff owns or claims to own.

13. Admit in part and deny in part. Intuit Beauty lacks sufficient information to admit or deny the dates when Plaintiff began providing goods or services connected with its various marks. Intuit Beauty admits that Plaintiff's name and brand are in connection with computer software and related services, and deny that Plaintiff's marks are used in commerce in cosmetics.

14. Admit in part and deny in part. Intuit Beauty lacks sufficient information to admit what Plaintiff does or does not rely upon. Intuit Beauty lacks sufficient information to admit the extent to which Plaintiff has promoted its name and marks, or the "widespread recognition and fame" Plaintiff claims. On information and belief, Plaintiff's products are known by their product names, i.e. TurboTax and Quicken and QuickBooks. Intuit Beauty denies the "widespread recognition and fame" Plaintiff alleges for the name "Intuit."

15. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies. Intuit Beauty lacks information regarding the extent of Plaintiff's sales, marketing and advertising of the Intuit Mark. On information and belief, Plaintiff's products are recognized by their product names, i.e. TurboTax and Quicken and QuickBooks. Intuit Beauty lacks information to admit, and

therefore denies that the Intuit name has become famous and a valuable asset, and the principal symbol of its extensive goodwill. Intuit Beauty lacks sufficient information to admit that there is "extensive goodwill" associated with Plaintiff's name, and therefore denies.

16. Intuit Beauty admits that its products are offered and sold using the name "Intuit Beauty." All other allegations are denied.

17. Intuit Beauty admits that its products include the name "Intuit Beauty." All other allegations are denied.

18. Admit in part and denied in part. Intuit Beauty admits that it offers assistance to distributors of the Intuit Beauty skin care products to start their distributorship, relating directly to the sale of Intuit Beauty skin care products. All other allegations are denied.

19. Intuit Beauty admits that is uses its name on websites such as www.intuitbeauty.com and establishes websites for its distributors, for the purpose of distributing Intuit Beauty products. Intuit Beauty lacks information to admit or deny allegations related to Plaintiff's advertising and use of websites. All other allegations are denied.

20. Admit in part and denied in part. Intuit Beauty admits that it has partnered with charitable organizations to donate money to or help raise money for people in need, in particular, women in need. Intuit Beauty lacks information to admit or deny the extent to which Plaintiff provides or promotes its services in philanthropic channels, and therefore denies. Intuit Beauty admits that Plaintiff hold a trademark registration for Intuit pertaining to charitable services. All other allegations are denied.

21. Intuit Beauty lacks sufficient information to admit that Plaintiff's Intuit Name is "famous." All remaining allegations are denied.

22. Admit in part and denied in part. Intuit Beauty denies that its name and mark infringe on Plaintiff's name and marks. Intuit Beauty denies that its website or skin care products are likely to cause consumers to falsely believe that Plaintiff is affiliated with or associated with Intuit Beauty.

23. Denied.

24. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

25. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

26. Intuit Beauty lacks sufficient information to respond to the term "business services" and therefore denies. All other allegations are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

34. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

35. Intuit Beauty denies that its name and mark are infringing. Intuit Beauty lacks sufficient information to admit or deny whether the Intuit name and mark are famous and distinctive, and therefore denies.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied

46. Denied.

47. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

62. Denied.

63. Denied.

64. Denied.

65. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

66. Admit in part and deny in part. Intuit Beauty admits that Plaintiff has certain common law rights, but denies that Plaintiff's common law rights are without limits.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**Affirmative Defenses**: Intuit Beauty asserts the following Affirmative Defenses:

1. Estoppel and Waiver as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and

seeks another opportunity to proceed after sitting on its hands.

2.   Laches as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB action, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and seeks another opportunity to proceed after sitting on its hands.

3.   Unclean Hands as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and seeks another opportunity to proceed after sitting on its hands. Furthermore, Plaintiff knows that Intuit Beauty's skin care products and name do not infringe on its marks, are not likely to cause confusion and are not marketed through similar channels. Plaintiff brings this lawsuit to unlawfully interfere with Intuit Beauty's lawful right to conduct business, to obtain trademark protection it is not legally entitled to receive, and for the purpose of generally harassing Intuit Beauty.

4.   Failure to State a Claim as to all causes of action: Plaintiff fails to state a claim because Plaintiffs papers show that Plaintiff's business includes business management, personal finance, accounting and tax preparation computer software and services, whereas Defendant Intuit Beauty's business includes sales and marketing of cosmetics, namely skin care products. There is no confusion between the parties or their goods or services.

5.   Plaintiff's claims are barred by the statute of limitations.

6.   Plaintiff has failed to mitigate its claimed damages.

7.   Unfair competition as to all causes of action: Plaintiff has no mark in the area of Cosmetics. The purpose of Plaintiff's suit is not to enforce a legal right, but to unfairly compete with Defendant and to harass Defendant.

///

///

///

Wherefore Intuit Beauty prays as follows:

1. That Plaintiff take nothing by reason of its Complaint and that judgment be entered in Defendant Intuit Beauty's favor;

2. That Intuit Beauty be awarded its costs of suit incurred in defending this action; and

3. Intuit Beauty be awarded such other relief as the Court deems just and proper.

DATED: August 20, 2007                MURPHY, CAMPBELL, GUTHRIE & ALLISTON

                                      By: _____
                                          Tiffany P. Scarborough
                                          Attorney for Intuit Beauty, Inc.

## COUNTERCLAIMS AGAINST INTUIT INC.

1. Intuit Beauty is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Huntington Beach, California. Intuit Beauty is a skin care company that is in the business of marketing and selling skin care products.

2. Intuit Inc. is a Delaware corporation with its principal place of business in Mountain View, California. Intuit is a software company with "a growing array of personal and business productivity applications, software, and related products and services – including business management, personal finance, accounting and tax preparation computer software and services." (Compl. ¶ 7.) Intuit's traditional flagship products are Quicken, QuickBooks and TurboTax.

3. On or about January 1, 2005, Intuit Beauty began selling its products in commerce. Said products included facial cleansers, anti-aging serums, facial creams and oils, moisturizers and sunscreen. Intuit Beauty does not sell accounting or tax related software.

4. In or around June 2005, Intuit Beauty filed a trademark application. A true and correct copy is attached hereto as Ex. "A." The application was to obtain a registered trademark for "Intuit Beauty" in category 003: Cosmetics. Intuit Inc. does not have a registered trademark in category 003: Cosmetics. Intuit Inc. has no registered mark in category 003, and the arguments in its Complaint regarding registered trademark protection are not relevant to the cosmetics category.

5. Intuit Beauty is a multi-level marketing business, in which individuals become distributors of the Intuit Beauty skin care products. Intuit Beauty distributors, called Divas, are similar to the more commonly know "Avon Lady" or "Mary Kay Representative." Intuit Beauty Divas purchase the Diva Kits in order to start their distribution business. The Diva Kits include one of each facial product, and accessories necessary to throw at-home facial parties, such as headbands, wash cloths, mirrors, Intuit Beauty pamphlets (showing the Intuit Beauty products and prices) sample containers, spatulas, invoices specifically listing the products and prices, a Diva training DVD showing how to give a party and discussing

- 8 -
ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS AND COUNTERCLAIMS

the products, and a training manual outlining the products. Diva Kits include a duffle bag in which the Divas can transport the necessary party items.

6. Diva distributors also receive an individual website. These websites are linked to Intuit Beauty's website, and show the products that customers can order. This website gives customers an online ordering option.

7. Intuit Inc. is aware the Intuit Beauty is solely in the business of selling skin care products and does not produce or provide software or business, accounting, tax or related software to its Diva distributors or to its customers. Intuit is aware that Intuit Beauty sought its mark in the area of cosmetics, not in any of the areas in which Intuit has its marks. Furthermore, Intuit responded to interrogatories in its initial TTAB action that it was not aware of any confusion by customers between Intuit products and Intuit Beauty skin care products.

## FIRST CLAIM FOR RELIEF

(Unfair Competition – California Business and Professions Code § 17200)

8. Intuit Beauty hereby incorporates by reference paragraphs 1-7 as if fully set forth herein.

9. Intuit Inc. does not have a good faith belief the Intuit Beauty has infringed upon or diluted the Intuit Mark, or that Intuit Beauty has engaged in unfair competition. Intuit has brought this lawsuit for purposes of harassing Intuit Beauty, trying to get Intuit Beauty to change its name so that no other company will include the word "Intuit" in its name, whatsoever and regardless of the use, to obtain an unfair advantage over Intuit Beauty and to cause Intuit Beauty to lose profits.

10. For competition to be justifiable, it can be only that which is carried on in good faith, not that by which the wrongful party is seeking to gratify his feeling of chagrin, disappointment or hatred for another. Here, Intuit seeks to force Intuit Beauty to change its name, which would only occur at great financial burden to Intuit Beauty. Intuit is trying to force such a name change, because it wants trademark protection in *all* categories of registration, not just the areas where it actually has registered trademarks, including for categories where Intuit Inc. does not do business, for any name including the word

"Intuit," regardless of whether the name is infringing or causes any dilution or confusion. Intuit Inc. is misusing the trademark registration process as well as the litigation process.

11. The filing of a lawsuit upon which there is no good faith basis for the claims, merely because a corporation has the financial means to litigate, offends an established public policy, is immoral, unethical, oppressive and unscrupulous. Intuit Inc. has filed this lawsuit, claiming protection where it has no mark and claiming infringement in areas where Intuit Beauty does not conduct business, and using the litigation process to eliminate the word "Intuit" by any other business, regardless of the manner in which the word is used. Furthermore, said filing of a lawsuit is substantially injurious to consumers, as it will result in higher prices to consumers or could result in putting Intuit Beauty out of business.

## PRAYER FOR RELIEF

WHEREFORE, Intuit Beauty prays for judgment against Inuit Inc. as follows:

1. Intuit Inc.'s underlying claims be dismissed;
2. Intuit Beauty be awarded damages in an amount to be determined;
3. Intuit Beauty be awarded reasonable attorneys' fees and costs;
4. Intuit Beauty be awarded exemplary and punitive damages;
5. Intuit Beauty be awarded reasonable attorneys fees and costs;
6. Intuit Beauty be awarded such other relief as the Court deems just and proper.

DATED: August 20, 2007        MURPHY, CAMPBELL, GUTHRIE & ALLISTON

By: _____
Tiffany P. Scarborough
Attorney for Intuit Beauty, Inc.

- 10 -
ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS AND COUNTERCLAIMS

## DEMAND FOR JURY TRIAL

Intuit Beauty hereby demands a jury trial.

DATED: August 20, 2007                    MURPHY, CAMPBELL, GUTHRIE & ALLISTON

By: *[signature]*
Tiffany P. Scarborough
Attorney for Intuit Beauty, Inc.

ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS AND COUNTERCLAIMS

EXHIBIT A

TRADEMARK APPLICATION, PRINCIPAL REGISTER, WITH DECLARATION (CORPORATION)

Mark: INTUIT BEAUTY

International Class No.: 03

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

| | |
|---|---|
| Name of Corporation: | Intuit Beauty, Inc. |
| State or country of incorporation: | Nevada |
| Business address of corporation: | 1802 N. Carson Street, #212<br>Carson City, NV 89701 |

The above identified Applicant requests registration of the trademark shown in the accompanying drawing for the following goods: International Class No. 03: cosmetics, namely facial lotions, facial and skin creams, facial masks, facial powder, facial cleansers, skin freshener and skin oils. Applicant requests that said mark be registered in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946.

The mark was first used in connection with the goods no later than January 1, 2005. The mark was first used in interstate commerce no later than January 1, 2005, and now is being used in such commerce. The mark is presented in standard character format without claim to any particular font style, size or color.

Applicant uses the mark by applying it to the goods, packaging and literature describing the goods. One specimen for the class showing the mark as actually used is presented herewith.

Without waiving any of its rights now existing or hereafter arising, the Applicant disclaims the right to the word "BEAUTY" separate and apart from the mark as shown.

Applicant hereby appoints James C. Chapman of the Silicon Valley Law Group, 25 Metro Drive, Suite 600, San Jose, California 95110, a member of the Bar of the State of

California to prosecute the application to register, transact all business in the Patent and Trademark Office in connection therewith, and to receive the Certificate of Registration

## DECLARATION

Jeannie Fernandez, the President of Applicant corporation, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statement may jeopardize the validity of the application or any registration resulting therefrom, declares that she is authorized to execute this instrument on behalf of Applicant; she believes Applicant to be the owner of the mark sought to be registered; to the best of her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive; the facts set forth in this application are true; and all statements made of her own knowledge are true and all statements made on information and belief are believed to be true.

INTUIT BEAUTY, INC.

By: _____
Jeannie Fernandez, President

Date: 3/2/_____, 2005

(SPACE BELOW FOR FILING STAMP ONLY)

1  MARK A. CAMPBELL (SB# 93595)
   TIFFANY P. SCARBOROUGH (SB# 180981)
2  MURPHY, CAMPBELL, GUTHRIE & ALLISTON
   3640 American River Drive, Suite 150
3  Sacramento, CA  95864

4  Telephone: (916) 484-3501
   Fax: (916) 484-3511

5  Attorneys for Defendant and Counterclaimant
   Intuit Beauty, Inc.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUIT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTUIT BEAUTY, INC., a Nevada Corporation,<br><br>Defendant. | Case No. C07 03613 CRB<br><br>**INTUIT BEAUTY, INC.'S CERTIFICATION OF INTERESTED PARTIES** |
| INTUIT BEAUTY, INC. a Nevada Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>INTUIT, INC., a Delaware Corporation,<br><br>Counterdefendant. | |

### CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: August 20, 2007           MURPHY, CAMPBELL, GUTHRIE & ALLISTON

                                 By: /s/ Tiffany P. Scarborough
                                     Tiffany P. Scarborough
                                     Attorney for Intuit Beauty, Inc.

- 1 -
INTUIT BEAUTY, INC 'S CERTIFICATION OF INTERESTED PERSONS

# DECLARATION OF SERVICE

I, Barbara M. Stapelberg, declare as follows:

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action; my business address is 3640 American River Drive, Suite 150, Sacramento, California 95864, in said County and State. On 8/20/2007, I served:

**INTUIT BEAUTY INC.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS AND COUNTERCLAIMS and INTUIT BEAUTY INC.'S CERTIFICATION OF INTERESTED PARTIES**

on the following person(s) at the following address(es), in the manner indicated below:

Rodger R. Cole, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

[✓] **BY UNITED STATES MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses shown above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, CA.

[ ] **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers shown above. No error was reported by the fax machine that I used.

[ ] **BY PERSONAL SERVICE:** I personally delivered the documents to the persons at the addresses shown above. (1) For a party represented by any attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

[ ] **BY E-MAIL/ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses shown above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on 8/20/2007, at Sacramento, California.

By: _Barbara M. Stapelberg_
Barbara M. Stapelberg

Murphy, Campbell
Guthrie & Alliston

-1-