(SPACE BELOW FOR FILING STAMP ONLY)

MARK A. CAMPBELL (SB# 93595)
TIFFANY P. SCARBOROUGH (SB# 180981)
MURPHY, CAMPBELL, GUTHRIE & ALLISTON
3640 American River Drive, Suite 150
Sacramento, CA 95864

Telephone: (916) 484-3501
Fax: (916) 484-3511

Attorneys for Defendant and Counterclaimant
Intuit Beauty, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUIT, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>INTUIT BEAUTY, INC., a Nevada Corporation,<br><br>　　　　　Defendant. | Case No. C07 03613 CRB<br><br>**INTUIT BEAUTY INC.'S FIRST AMENDED ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Defendant Intuit Beauty, Inc. (hereafter "Intuit Beauty") hereby Answers Plaintiff's Complaint, and admits and denies as follows:

　　　　1.　　Intuit Beauty admits that its name includes the word "intuit." All other allegations are denied.

　　　　2.　　On information and belief, admit.

　　　　3.　　Admit in part and deny in part. Intuit Beauty has recently moved its principal place of business to 1116 Pacific Coast Highway, Huntington Beach, California 92648.

　　　　4.　　Admit.

　　　　5.　　Admit in part and deny in part. Defendant denies that its name, branded products and services are infringing as alleged.

6.     Admit.

7.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

8.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

9.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

10.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

11.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

12.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies in part. Intuit Beauty does not know specifically the number of trademark registrations and "common law rights" Plaintiff owns or claims to own.

13.     Admit in part and deny in part. Intuit Beauty lacks sufficient information to admit or deny the dates when Plaintiff began providing goods or services connected with its various marks. Intuit Beauty admits that Plaintiff's name and brand are in connection with computer software and related services, and deny that Plaintiff's marks are used in commerce in cosmetics.

14.     Admit in part and deny in part. Intuit Beauty lacks sufficient information to admit what Plaintiff does or does not rely upon. Intuit Beauty lacks sufficient information to admit the extent to which Plaintiff has promoted its name and marks, or the "widespread recognition and fame" Plaintiff claims. On information and belief, Plaintiff's products are known by their product names, i.e. TurboTax and Quicken and QuickBooks. Intuit Beauty denies the "widespread recognition and fame" Plaintiff alleges for the name "Intuit."

15.     Intuit Beauty lacks sufficient information to admit or deny, and therefore denies. Intuit Beauty lacks information regarding the extent of Plaintiff's sales, marketing and advertising of the Intuit Mark. On information and belief, Plaintiff's products are recognized by their product names, i.e. TurboTax and Quicken and QuickBooks. Intuit Beauty lacks information to admit, and therefore denies that the Intuit name has become famous and a valuable asset, and the principal symbol of its extensive goodwill. Intuit Beauty lacks sufficient information to admit that there is "extensive goodwill" associated with Plaintiff's name, and therefore denies.

16.     Intuit Beauty admits that its products are offered and sold using the name "Intuit Beauty." All other allegations are denied.

17. Intuit Beauty admits that its products include the name "Intuit Beauty." All other allegations are denied.

18. Admit in part and denied in part. Intuit Beauty admits that it offers assistance to distributors of the Intuit Beauty skin care products to start their distributorship, relating directly to the sale of Intuit Beauty skin care products. All other allegations are denied.

19. Intuit Beauty admits that is uses its name on websites such as www.intuitbeauty.com and establishes websites for its distributors, for the purpose of distributing Intuit Beauty products. Intuit Beauty lacks information to admit or deny allegations related to Plaintiff's advertising and use of websites. All other allegations are denied.

20. Admit in part and denied in part. Intuit Beauty admits that it has partnered with charitable organizations to donate money to or help raise money for people in need, in particular, women in need. Intuit Beauty lacks information to admit or deny the extent to which Plaintiff provides or promotes its services in philanthropic channels, and therefore denies. Intuit Beauty admits that Plaintiff hold a trademark registration for Intuit pertaining to charitable services. All other allegations are denied.

21. Intuit Beauty lacks sufficient information to admit that Plaintiff's Intuit Name is "famous." All remaining allegations are denied.

22. Admit in part and denied in part. Intuit Beauty denies that its name and mark infringe on Plaintiff's name and marks. Intuit Beauty denies that its website or skin care products are likely to cause consumers to falsely believe that Plaintiff is affiliated with or associated with Intuit Beauty.

23. Denied.

24. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

25. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

26. Intuit Beauty lacks sufficient information to respond to the term "business services" and therefore denies. All other allegations are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

34. Intuit Beauty lacks sufficient information to admit or deny, and therefore denies.

35. Intuit Beauty denies that its name and mark are infringing. Intuit Beauty lacks sufficient information to admit or deny whether the Intuit name and mark are famous and distinctive, and therefore denies.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied

46. Denied.

47. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

55. Denied.

FIRST AMENDED ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

62. Denied.

63. Denied.

64. Denied.

65. Intuit Beauty incorporates its admissions and denials to paragraphs 1-23 herein.

66. Admit in part and deny in part. Intuit Beauty admits that Plaintiff has certain common law rights, but denies that Plaintiff's common law rights are without limits.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**Affirmative Defenses**: Intuit Beauty asserts the following Affirmative Defenses:

1. Estoppel and Waiver as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and seeks another opportunity to proceed after sitting on its hands.

2. Laches as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB action, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and seeks

another opportunity to proceed after sitting on its hands.

3. Unclean Hands as to all causes of action: Plaintiff filed an opposition with the TTAB in June of 2006, and asked for multiple extensions of time in that forum. After failing for a year to proceed in the TTAB, Plaintiff filed this pending action to avoid a TTAB hearing, for which Plaintiff was not prepared and could not meet its burden of proof. Plaintiff is forum shopping and seeks another opportunity to proceed after sitting on its hands. Furthermore, Plaintiff knows that Intuit Beauty's skin care products and name do not infringe on its marks, are not likely to cause confusion and are not marketed through similar channels. Plaintiff brings this lawsuit to unlawfully interfere with Intuit Beauty's lawful right to conduct business, to obtain trademark protection it is not legally entitled to receive, and for the purpose of generally harassing Intuit Beauty.

4. Failure to State a Claim as to all causes of action: Plaintiff fails to state a claim because Plaintiffs papers show that Plaintiff's business includes business management, personal finance, accounting and tax preparation computer software and services, whereas Defendant Intuit Beauty's business includes sales and marketing of cosmetics, namely skin care products. There is no confusion between the parties or their goods or services.

5. Plaintiff's claims are barred by the statute of limitations.

6. Plaintiff has failed to mitigate its claimed damages.

7. Unfair competition as to all causes of action: Plaintiff has no mark in the area of Cosmetics. The purpose of Plaintiff's suit is not to enforce a legal right, but to unfairly compete with Defendant and to harass Defendant. Intuit is a software company with "a growing array of personal and business productivity applications, software, and related products and services -- including business management, personal finance, accounting and tax preparation computer software and services." (Compl. ¶ 7.) Intuit's traditional flagship products are Quicken, QuickBooks and TurboTax. Intuit Inc. has no registered mark in category 003, and the arguments in its Complaint regarding registered trademark protection are not relevant to the cosmetics category. Intuit Inc. is aware that Intuit Beauty is solely in the business of selling skin care products. Intuit is aware that Intuit Beauty sought its mark in the area of cosmetics, not in any of the areas in which Intuit has its

marks. Furthermore, Intuit responded to interrogatories in its initial TTAB action that it was not aware of any confusion by customers between Intuit products and Intuit Beauty skin care products.

8.    Violation of Fed. Rule Civ. Pro. 11(b)(1)-(3):  The Complaint against Intuit Beauty has been filed for an improper purpose, including for harassment and to cause unnecessary costs of litigation, the claims are not warranted by existing law, and the factual contentions do not have, and are not likely to have evidentiary support.

9.    Violation of the Noerr-Pennington Doctrine:  Plaintiff has filed an objectively baseless lawsuit, which is therefore a sham litigation.

Wherefore Intuit Beauty prays as follows:

1.    That Plaintiff take nothing by reason of its Complaint and that judgment be entered in Defendant Intuit Beauty's favor;

2.    That Intuit Beauty be awarded its costs of suit incurred in defending this action; and

3.    Intuit Beauty be awarded such other relief as the Court deems just and proper.

DATED: September 18, 2007        MURPHY, CAMPBELL, GUTHRIE & ALLISTON

By: _____
Tiffany P. Scarborough
Attorney for Intuit Beauty, Inc.

FIRST AMENDED ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS

## DEMAND FOR JURY TRIAL

Intuit Beauty hereby demands a jury trial.

DATED: September 18, 2007

MURPHY, CAMPBELL, GUTHRIE & ALLISTON

By: _____
Tiffany P. Scarborough
Attorney for Intuit Beauty, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ELECTRONIC PROOF OF SERVICE

I, Tamara S. Neumann, declare as follows:

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action; my business address is 3640 American River Drive, Suite 150, Sacramento, California 95864, in said County and State. On 9/18/2007, pursuant to 28 U.S.C. §1746, I instituted service of the foregoing document described as:

**INTUIT BEAUTY INC.'S FIRST AMENDED ANSWER TO COMPLIANT FOR TRADEMARK INFRINGMENT, TRADMARK DISSOLUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND FALSE AND MISLEADING STATEMENTS DEMAND FOR JURY TRIAL**

on the following person(s) at the following address(es), by submitting an electronic version of the document(s) via file transfer protocol (FTP) through the upload feature at https://ecf.cand.uscourts.gov/cand. Service will be deemed effective as provided for pursuant to 28 U.S.C. §1746.

Rodger R. Cole, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on 9/18/2007, at Sacramento, California.

By: _____
Tamara S. Neumann

Murphy, Campbell,
Guthrie & Alliston

-1-