RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
MARY E. MILIONIS (CSB No. 238827)
mmilionis@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

RACHAEL G. SAMBERG (CSB No. 223694)
rsamberg@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Plaintiff
INTUIT INC.

[Additional Counsel Listed On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTUIT INC., a Delaware Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTUIT BEAUTY, INC., a Nevada Corporation,<br><br>　　　　　Defendant. | Case No. C07 03613 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT** |

　　　　The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order, and Rule 26(f) Report, and request the Court to adopt those portions on which the parties agree as its Case Management Order in this case. To the extent that the parties have not reached agreement, those portions are identified below.

　　　　**1.**　　**Jurisdiction and Service**:  This Court has subject matter jurisdiction over this

action pursuant to 15 U.S.C. §§ 1121 (trademarks, trade and corporate names) *et seq.*, 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), and 1367 (supplemental jurisdiction).  The parties do not dispute venue or personal jurisdiction, and no parties remain to be served.

**2.   Facts**:

The parties have not reached agreement on the facts, and submit separate factual contentions.

**B.   Plaintiff's Contentions:**

Plaintiff Intuit Inc., under the INTUIT name and trademark, provides, among other things, personal and business productivity applications, software, and related products and services, including small business planning, formation, incorporation, administration, and marketing products and services.  Intuit has provided products and services under the INTUIT brand, name and trademark since 1983, obtained its first federal registration for the INTUIT mark in 1993, and has since obtained multiple federal trademark registrations for INTUIT-based marks (collectively, the "INTUIT MARKS").  Intuit's subdivisions also offer products bearing federally-registered INTUIT MARKS on clothing and accessory lines.  Additionally, Intuit offers its branded products and services through philanthropic activities and charitable organizations, for which it also has a federal trademark registration.  As a consequence of Intuit's extensive sales, marketing, and advertising in interstate commerce, the INTUIT MARKS and name have become well-known among the general consuming public as identifying designations for Intuit's products and services, and famous and valuable assets of Intuit.

Defendant Intuit Beauty, Inc. is a cosmetic, body, and skincare company.  Defendant has admitted that it "offers assistance to distributors of the Intuit Beauty skin care products to start their distributorship" businesses, and that "it has partnered with charitable organizations."  Defendant has advertised that it will provide individuals "with everything you need to start your very own businesses (including a business starter kit and your very own customized website), we'll also give you unsurpassed training . . .and help you really grow your business . . ."

Defendant began offering its products and services to individuals for and in connection

with the formation, development, management, and operation of such small businesses or distributorships under the INTUIT BEAUTY mark more than twenty years after Intuit began offering products and services under the INTUIT MARKS. Defendant's provision of such products and services under the INTUIT BEAUTY mark is confusingly similar to the INTUIT MARKS; is likely to cause consumer confusion; dilutes the INTUIT name and mark; and constitutes unfair competition under federal and state statutes or common law.

### C. **Defendant's Contentions:**

Intuit has not provided all of its goods and services or had all of its MARKS since 1993. For example, Intuit Jumpup, one mark and product upon which Plaintiff bases its complaint, was not filed for registration until September 2, 2006, after Intuit Beauty had filed its application and was providing the allegedly infringing services of which Plaintiff complains. Intuit does not have a trademark in Category 003: Cosmetics and does not sell or distribute skincare products. Intuit Beauty does not sell software. The parties' products and services are not similar. This lawsuit is Plaintiff's attempt to block any other company from using the word "intuit" in its name and to seek exclusive use of the word "intuit."

Intuit Beauty does not offer its distributors products and services in connection with entity formation, business development, or business management. Intuit Beauty sells products, offers product and sales training and offers access to a software application that tracks individual customers and sales. It does not track or record expenses, profits, inventory, does not aid in accounting, tax preparation, business entity formation, employee related issues such as employment status, payroll or tax deductions, and does not provide a starting costs calculator, a cash flow calculator, a break even calculator, templates for business planning or sample business plans.

Intuit does not have a for-profit line of clothes or accessories. Clothing or accessories distributed by Intuit are a part of Plaintiff's efforts to market its software products. Intuit Beauty disputes that its charitable donations interfere with Plaintiff's distribution of software applications to philanthropic organizations.

**3.    Legal Issues**:

The following legal issues are in dispute

- Whether the INTUIT BEAUTY MARK causes among consumers a likelihood of confusion with the INTUIT MARK;

- Whether Defendant's use of the INTUIT BEAUTY MARK infringes Plaintiff's rights in the INTUIT MARK in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

- Whether the INTUIT MARK is famous;

- Whether Defendant's use of the INTUIT BEAUTY MARK dilutes Plaintiff's INTUIT MARKS in violation of 15 U.S.C. § 1125(c) and/or Cal. Bus. and Prof. Code § 14330;

- Whether Defendant's use of the INTUIT BEAUTY MARK constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

- Whether Defendant's use of the INTUIT BEAUTY MARK constitutes unfair competition in violation of California Business and Professions Code §§ 17200 *et seq* and/or common law;

- Whether Defendant's use of the INTUIT BEAUTY MARK constitutes false and misleading statements in violation of California Business and Professions Code §§ 17500 *et seq.*

**4.    Motions**:    There are no prior or pending motions. The parties anticipate that they may file summary judgment motions, and discovery motions if necessary.

**5.    Amendment of Pleadings**:    Intuit does not anticipate any amendments to its pleadings. Intuit Beauty has suggested that it may amend to add an unfair competition claim. If such amendment is made, Intuit intends to move to strike under California's anti-SLAPP statute.

**6.    Evidence Preservation:**    The parties have suspended any document destruction policies or procedures to the extent any exist, and have represented that they are in compliance with evidence preservation requirements.

**7.    Disclosures**:    The parties are making a timely exchange of Initial Disclosures on October 19, 2007. The parties are discussing language for a stipulated protective order, pursuant to which confidential information can be produced. The parties have agreed that documents

1  designated for confidentiality will not be produced until a protective order is signed.

2  **8.** **Discovery**: The parties intend to comply with the rules and limits under the
3  Northern District Local Rules and Federal Rules of Civil Procedure, including with respect to
4  deposition numbers.  Plaintiff has served one set of Requests for Production and Interrogatories,
5  and Defendant's responses are forthcoming.  The parties are discussing language for a stipulated
6  protective order, pursuant to which confidential information can be produced.  The parties have
7  agreed that documents designated for confidentiality will not be produced until a protective order
8  is signed.

9  **9.** **Class Action**: This is not a class action.

10  **10.** **Related Cases**: There are no related cases or proceedings pending before another
11  judge of this court, or before another court or administrative body.

12  **11.** **Relief**: In its Complaint, Intuit seeks an injunction against use of the INTUIT
13  BEAUTY MARK; up to three times its damages as proven at trial; up to three times the amount
14  of Defendant's unjust profit as proven at trial, and that Defendant be otherwise ordered to
15  disgorge any unjust profits; exemplary and punitive damages; reasonable attorneys' fees and
16  costs; and, such other relief as the Court deems just and proper.

17  Intuit Beauty seeks a denial of the injunctive relief sought, and seeks dismissal of each
18  cause of action.

19  **12.** **Settlement and ADR**: The parties engaged in initial settlement discussions which
20  have not resulted in resolution.  Plaintiff agrees to private mediation.  Defendant has not yet
21  determined its preferred form of dispute resolution.  Both parties believe some discovery is
22  necessary before a resolution can be negotiated.

23  **13.** **Consent to Magistrate Judge For All Purposes**: Plaintiff will consider consent
24  to a magistrate judge for further proceedings.  Defendant does not believe this case is appropriate
25  for a Magistrate Judge.

26  **14.** **Other References**: The case is not suitable for reference to binding arbitration,
27  special master, or the Judicial Panel on Multidistrict Litigation.

28  **15.** **Narrowing of Issues**: The parties do not anticipate that issues can be narrowed by

agreement or motion, and do not anticipate bifurcation of issues, claims, or defenses at this time.

**16.** **Expedited Schedule:** The parties do not anticipate that the case can be handled on an expedited basis.

**17.** **Scheduling**:   The parties propose the below dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| EVENT | ESTIMATED DATE |
| --- | --- |
| Close of fact discovery | June 2, 2008 |
| Last day to identify experts and serve initial expert reports with respect to issues on which that party bears the burden of proof | July 15, 2008 |
| Last day to disclose rebuttal experts | August 15, 2008 |
| Last day to serve rebuttal expert reports | September 15, 2008 |
| Close of Expert Discovery | October 15, 2008 |
| Last day to file dispositive motions | November 14, 2008 |
| Pre-trial Conference | January 7, 2009 |
| Trial by Jury | January 28, 2009 |

**18.** **Trial:** The case will be tried to a jury. The parties expect the trial to last 7-10 court days.

**19.** **Disclosure of Non-Party Interested Entities or Person:**   Each party has filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Neither party declared any interested entity or person.

**20.**   The parties are not aware of any additional matters relating to the disposition of this case that can be brought to the Court's attention at this time.

| | | |
|---|---|---|
| 1 | Dated: October 19, 2007 | FENWICK & WEST LLP |
| 3 | | By  /s/  Rachael G. Samberg |
| 4 | | Rachael G. Samberg |
| 5 | | Attorneys for Plaintiff<br>INTUIT INC. |
| 6 | Dated: October 19, 2007 | MURPHY, CAMPBELL, GUTHRIE & ALLISTON |
| 8 | | By  /s/  Tiffany P. Scarborough |
| 9 | | Tiffany P. Scarborough |
| 10 | | Attorneys for Defendant<br>INTUIT BEAUTY, INC. |

JCMS AND [PROPOSED ORDER]; RULE 26(F) REPORT
CASE NO. C07 03613 CRB

7